**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| LISA SCHULTZ, on behalf of herself and others similarly situated, | ) ) | 1:14-cv-7808 |
| Plaintiff, | ) | |
| v. | ) ) | |
| SALLIE MAE, INC., | ) | |
| Defendant. | ) | JURY DEMAND |

**COMPLAINT – CLASS ACTION**

1. Plaintiffs brings this action for damages, and other legal and equitable remedies, against Sallie Mae, Inc. (hereinafter referred to as "Defendant") for negligently, knowingly, and/or willfully contacting them on their cellular telephone without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA"). The TCPA prohibits automated telephone calls to cellular telephones without prior express consent.

2. "Voluminous consumer complaints about abuses of telephone technology--for example, computerized calls dispatched to private homes-- prompted Congress to pass the TCPA. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 744, 181 L.Ed.2d 881 (2012). In an effort to enforce this fundamental federal right to privacy, Plaintiffs file the instant class action complaint alleging violations of the TCPA.

3. Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies these calls, but also because

1

consumers frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §1331 (general federal question) and 47 U.S.C. §227 (TCPA). Venue in this District is proper because Defendant transacts business within this district.

## PARTIES

5. Plaintiff Lisa Schultz is, and at all times mentioned herein was, an individual citizen of the State of Illinois, who resides in the district.

6. Sallie Mae, Inc. is a Delaware corporation, which has as its registered agent CT Corporation System, 208 S. LaSalle, Ste. 814 Chicago, Il. 60604.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

9. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls

are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

10. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

**FACTS**

11. Plaintiff has received multiple calls from Defendant on her cellular telephone including a call on June 29, 2014, where Sallie Mae left a prerecorded message voice mail.

12. Plaintiff has no relationship with Sallie Mae.

13. Plaintiff answered a few calls in around summer 2014, and asked that the calls stop. Sallie Mae did not stop calling.

14. Plaintiff recalls having received several dozen calls, including multiple after having asked Sallie Mae to stop calling. Upon information and belief, Sallie Mae called plaintiff's cellular telephone more than fifty times in the four years leading up to the filing of this complaint.

15. On September 2, 2010, Sallie Mae entered into a class wide settlement to resolve TCPA claims.

16. The settlement was amended on October 7, 2011 and provided for a settlement fund of $24,150,000.00.

17. Notice of the settlement was sent to over seven million class members.

18. Sallie Mae was then subjected to a second lawsuit, *Cummings v. Sallie Mae*, 12-cv-9984 (N.D.Ill.), arising out of autodialed calls to cellular telephones of non-customers. On May 23, 2014, Judge Gottschall finally approved a second nationwide class action, whereby Sallie Mae paid $9,250,000 to settle claims of a discrete class.

19. Despite these substantial settlements, Sallie Mae continues to violate the TCPA.

20. All telephone contact by Defendant to Plaintiffs on their cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this complaint occurred within four years of the filing of this complaint and were not part of the settlement class in *Arthur v Sallie Mae* or *Cummings v. Sallie Mae*.

21. The telephone number that Defendant dialed with an "automatic telephone dialing system" to contact Plaintiffs was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii) and were for non-emergency purposes and in the absence of plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

22. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiffs provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

### COUNT I - TCPA CLASS CLAIM (CELLULAR CALLS)

23. Plaintiffs incorporate the above factual allegations herein.

24. Defendant made automated telephone calls to the wireless telephone numbers of Plaintiffs and the other class members using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

25. Defendant made prerecorded calls to the wireless telephone numbers of Plaintiffs and the other class members.

26. Defendant has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of Defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

27. If the court finds that Defendant's misconduct was willful and knowing, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiffs and the class.

28. Plaintiffs and class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

## CLASS ALLEGATIONS

29. Plaintiffs propose the following class definition, subject to amendment as appropriate:

> All persons whose cellular telephones Sallie Mae, or some vendor on its behalf, called using an autodialer or message that had been recorded ahead of time, where the person called did not give the number to Sallie Mae as to the subject matter of the calls.

5

30. Plaintiff expressly excludes from this action any claims that were released in *Cummings* or *Arthur*.

31. Plaintiffs do not know the exact number of members in the Class, but based upon the size of the recently settled Sallie Mae TCPA class and nationwide practices of Defendant, Plaintiff reasonably believe that class members number in the tens of thousands.

32. Plaintiffs and all members of the class have been harmed by the acts of Defendant.

33. This Class Action Complaint seeks money damages and injunctive relief.

34. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by Defendant.

35. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

> a. Whether Defendant made nonemergency calls to Plaintiffs and class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;
>
> b. Whether Defendant can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

6

      c. Whether Defendant's conduct was knowing and/or willful;

      d. Whether Defendant is liable for damages, and the amount of such damages; and

      e. Whether Defendant should be enjoined from engaging in such conduct in the future.

36. As persons who received telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent within the meaning of the TCPA, Plaintiffs assert claims that are typical of each class member. Plaintiffs will fairly and adequately represent and protect the interests of the class, and she has no interests which are antagonistic to any member of the class.

37. Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

38. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

39. Defendant has acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a

whole appropriate. Moreover, on information and belief, Plaintiffs allege that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the class members and against Defendant for:

    a.    As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

    b.    As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiffs seek for themselves and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

    c.    Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

    d.    An award of attorneys' fees and costs to counsel for Plaintiffs and the Class;

    e.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiffs are proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class;

    f.    Such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Alexander H. Burke

    a.    An order certifying this action as a class action on behalf of the Class as defined above, appointing Plaintiff as representative of the Class, and appointing his counsel as class counsel;

    b.    A permanent injunction prohibiting Defendant from making calls to cellular telephone numbers using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the called party;

    c.    As award of statutory damages;

    d.    An award of reasonable attorneys' fees and costs as permitted by law; and

    e.    Any other relief the Court finds just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: October 6, 2014            Respectfully submitted,

                                                                              /s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289
aburke@burkelawllc.com

*Counsel for Plaintiff*

**DOCUMENT PRESERVATION DEMAND**

      Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or prerecorded calls, e-mails, recordings, documents, and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with Plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of Defendant.

                                                      /s/Alexander H. Burke